UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD D. BRADLEY,<br>    Plaintiff,<br>v.<br><br>WAYNE COUNTY THIRD<br>CIRCUIT COURT, WAYNE<br>COUNTY PROBATE COURT,<br>WAYNE COUNTY FRIEND OF<br>THE COURT, and WAYNE<br>COUNTY,<br>    Defendants.<br>_____/ | Case No. 23-11616<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION:**
**SCREENING PLAINTIFF'S COMPLAINT**

**I.    BACKGROUND**

Plaintiff filed this action without the assistance of counsel on July 7, 2023. He is proceeding *in forma pauperis*. This case was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B) and all pretrial matters. (ECF No. 10).

The claims asserted against the court Defendants— Wayne County Third Circuit Court, Wayne County Probate Court, and Wayne County Friend of Court— and Wayne County are unclear. It appears that Plaintiff's criminal history was expunged, but Wayne County Third Circuit Court did not correct the record to reflect the expungement. He alleges that during 2012, the probate court refused to

release his funds that were held in his mother's care. He also alleges that the Friend of the Court began withholding his unemployment benefits during August 2021. His objection to the garnishment was denied. (ECF No. 1). There do not appear to be any factual allegations against Defendant Wayne County.

He says the Defendants caused the loss of his family and friends, loss of employment and housing, deprivation of liberty, pain and suffering, emotional trauma, mental anguish, depression, humiliation, post-traumatic stress disorder, flashbacks, shock, and retaliation. He seeks $250 million in damages.

## II.  ANALYSIS AND RECOMMENDATIONS

### A.  Governing Standards

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1997e(c). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed

factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs.*, LLC, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro*

*se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    B.    <u>Discussion</u>

The Eleventh Amendment bars civil rights actions against a state, its agencies, and its departments unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not abrogated immunity and Michigan has not consented to suit in this Court. "Under the Michigan Constitution, the judiciary is a separate and independent branch of state government and thus the circuit courts of the State of Michigan are arms of the State." *Johnson v. Wayne Cnty.*, 2013 WL 5854441, at *2 (E.D. Mich. Oct. 30, 2013) (citing *Judicial Attorneys Ass;n v. State of Mich.,* 459 Mich. 291, 299 (1998)). "Eleventh Amendment immunity bars suits against arms of the state, such as the Michigan courts." *See, e.g.*, *Merritt v. Lauderbach,* 2013 WL 1148410, at *5 (Mar. 19, 2013) (concluding that Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's lawsuit); Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote

of the members elected to and serving in each house"). The Wayne County Friend of the Court and Probate Court are considered "an arm" of the circuit court, and circuit courts are considered "arms" of the state, making them immune from suit. M.C.L. § 552.503(1); *see also Johnson v. Wayne Cnty.*, 2013 WL 5854441, at *2 (E.D. Mich. Oct. 30, 2013) ("Eleventh Amendment immunity bars suits against arms of the state, such as Michigan courts and, therefore, the Friend of the Court."); *see also Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Sup. Ct.*, 46 F. App'x 228, 236–37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268–70 (6th Cir. 1997). Thus, the undersigned suggests that the court Defendants be dismissed from his case.

Defendant Wayne County should be dismissed for failure to state a claim against it. To state a viable claim to relief, as explained above, a plaintiff must state enough facts, accepted as true, that allow the reasonable inference that the defendant is liable for the conduct alleged. The Court cannot rewrite a complaint to include claims that were not presented. Here, against Wayne County, Plaintiff states in full: "Wayne County Michigan Officials with final decision making authority ratified illegal actions. Has shown inadequate supervision and acquiescence of federal rights violations." (ECF No. 1, PageID.7). Plaintiff then cites *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and 42 U.S.C. § 1983. The bald assertions Plaintiff makes against Wayne County do not support an

inference that the County is liable for a violation of federal law. Without any facts showing how Wayne County violated the law, the undersigned suggests that Wayne County be dismissed for failure to state a claim against it.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Defendants be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

6

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 17, 2023.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 17, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850