UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. BRADLEY,

                Plaintiff,                    Case Number 23-11616

v.                                          Honorable David M. Lawson

                                          Magistrate Judge Curtis Ivy, Jr.

WAYNE COUNTY THIRD CIRCUIT COURT,
WAYNE COUNTY PROBATE COURT,
WAYNE COUNTY FRIEND OF THE COURT,
and WAYNE COUNTY, MICHIGAN,

                Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING MOTION TO AMEND COMPLAINT, AND DISMISSING CASE

      Plaintiff Ronald Bradley filed a complaint on his own behalf without a lawyer against two

Wayne County, Michigan courts, one of their agencies, and the County of Wayne purporting to

state four distinct and apparently unrelated claims.  The first appears to challenge the failure to

correct a record of an expunged criminal conviction.  His second claim takes issue with a decision

by the probate court that denied him access to certain funds that supposedly belonged to him but

were in his mother's care.  The third claim objects to the Friend of the Court withholding certain

unemployment benefits.  And claim four, apparently directed solely to Wayne County, contends

that the County ratified the first three actions.  Bradley contends that his rights under the

Constitution have been violated.  The case was referred to Magistrate Curtis Ivy, Jr. to conduct all

pretrial proceedings.  Judge Ivy screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and

recommended that the Court dismiss it because it does not state a viable claim and because the

defendants are immune from suit under the Eleventh Amendment.  The plaintiff filed a timely

objection to the report and recommendation and followed that with other miscellaneous filings.

The objection does not address the immunity issue, nor does it suggest any fault with the magistrate judge's conclusions.  The Court will adopt the magistrate judge's report, deny the motions to amend the complaint, and dismiss the case.

I.

Bradley filed his complaint on July 7, 2023.  It contains four numbered sections.  In section 1, he alleges that the "Wayne County circuit court fail[ed] to correct the Void judgment in the Michigan State Police iChat."  There is little factual development of this claim beyond that, but attachments to the complaint include an excerpt from a document purporting to grant an application to set aside a felonious assault conviction.  Bradley mentions the Fourteenth Amendment, and he alleges that the defendants caused the loss of his family and friends, loss of employment and housing, deprivation of liberty, pain and suffering, emotional trauma, mental anguish, depression, humiliation, post-traumatic stress disorder, flashbacks, shock, and retaliation. The plaintiff seeks $250 million in damages.

In section 2, Bradley says that in November 2012, he filed a petition in the Wayne County, Michigan probate court to release certain funds that were "in [his] mother's care."  He alleges that the probate court register of actions indicates that the funds were transferred on February 23, 2012. He contends that the action was "illegal" and ratified by officials with final decision-making authority.

In section 3, Bradley states that the Wayne County Friend of the Court office began withholding unemployment benefit funds beginning on August 10, 2021 apparently to satisfy child support obligations, that he objected and had a hearing, and that the funds were not returned to him.  He alleges that the child support order did not have a judge's signature on it, and that the Friend of the Court's actions were based on a void judgment.

In section 4, Bradley simply cites *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and contends that the courts' and county defendants' actions were ratified by officials with final decision-making authority.  There is no other factual development of the claims.

The Court referred the case to Magistrate Judge Ivy for general case management.  Judge Ivy granted the plaintiff's application to proceed *in forma pauperis* and proceeded to screen his claims for merit under 28 U.S.C. § 1915(e)(2)(B).  Because the plaintiff brought claims against several state judicial entities subject to Eleventh Amendment immunity, and because the *Monell* claim against Wayne County was not developed factually, Judge Ivy recommended that the Court dismiss the plaintiff's complaint on its own initiative for failure to state a claim upon which relief may be granted and because the Eleventh Amendment bars suit against the state defendants.

Bradley filed a single objection to the report and recommendation.

## II.

When a party files an objection to a recommendation and report, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This fresh review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

This review is not plenary, however.  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147

(1985).  As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff filed one objection to the report and recommendation. The objection makes no mention of the magistrate judge's application of the Eleventh Amendment, which bars suit against state defendants.  Instead, the plaintiff's objection focuses solely on defendant Wayne County and re-alleges facts that relate to the refusal of unnamed officials to release funds that are in his name.

To start, when a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).  Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004).  The screening mandated by Congress in section

1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).   To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> The plaintiff's objection to the report and recommendation in its entirety reads as follows:
>
> Wayne County officials with final decision-making authority [have] shown deliberate indifference and after repeatedly denying plaintiff's demand for the release of funds.   The funds [were] transfer[ed] to the county treasurer [and] a [p]ercentage of the funds [were] invested in real estate. . .   On September 9, 2010, I [w]rote this court stating that the funds were in my mother's care.   The register of action shows on February 23, 2012, funds [were] transferred.   Court documents filed on June 22, 2017, show [the] real estate is not to be sold.   The document dated April 1, 2015 shows "[R]estricted Account (RSA)" Ronald Smith account. [P]laintiff respectfully request[s] that this court order defendants to release plaintiff's funds.

ECF No. 14, 15, PageID.61-62, 63-46.   The objection does not address the substance of the magistrate judge's report, and it does not even mention the Eleventh Amendment, a provision of the law that is fatal to the plaintiff's claims against three of the four defendants.

The Eleventh Amendment to the Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   The Supreme Court has extended that proscription to bar suits by a citizen against his or her own state as well.   *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (holding that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as

by citizens of another State") (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).  And as to the scope of immunity afforded by the Amendment, the Court has declared "that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment also bars civil rights actions for money damages against state employees sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The circuit and probate courts, as arms of the State of Michigan, are entitled to sovereign immunity under the Eleventh Amendment.  Trial courts in Michigan qualify as "arms of the state" and therefore are entitled to sovereign immunity, and this immunity from suit extends with equal force to the state's circuit and probate courts, which are part of the same unified judicial system. *See Pucci v. Nineteenth District Court,* 628 F.3d 752, 762 (6th Cir. 2010) ("The Michigan Supreme Court has repeatedly affirmed the unitary nature of the state's judicial power and the Michigan Supreme Court's exclusive role as supervisor and administrator of all of the subunits of that 'one court' system."); *Olsen v. County of Muskegon,* No. 233258, 2002 WL 31934158, at *2 (Mich. Ct. App. Nov.19, 2002) (holding that "a circuit court judge[ ] is a state official") (citing Mich. Const.1963, art 6, §§ 1, 11; Mich. Comp. Laws § 600.515; *Judges of the 74th Judicial Dist. v. Bay County,* 385 Mich. 710, 723, 190 N.W.2d 219, 224 (1971)).

The Wayne County Friend of the Court is considered an arm of the circuit court, making it also immune from suit.  Mich. Comp. Laws § 552.503(1); *see also Merritt v. Lauderbach*, No. 12-13645, 2013 WL 1148410, at *5 (E.D. Mich. Mar. 19, 2013) (concluding that Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's lawsuit).

There are three exceptions to Eleventh Amendment immunity: (1) when the state has waived its immunity by consenting to the lawsuit; (2) when Congress has abrogated the state's sovereign immunity, and (3) when the plaintiff seeks only prospective injunctive relief against a state official from violating federal law. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing cases). None of those exceptions applies here. It is well-settled that "Michigan has not consented to the filing of civil rights suits against it in federal court," *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and section 1983 does not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The third exception, as set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, 'regardless of whether compliance might have an ancillary effect on the state treasury.'" *Boler*, 865 F.3d at 412 (quoting *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). However, "[i]njunctive relief is available under the *Young* exception only against state officers — not the state itself — who violate federal law." *Lawson v. Shelby Cnty.*, 211 F.3d 331 (6th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

The magistrate judge correctly determined that the Eleventh Amendment bars the plaintiff's lawsuit against all the state court defendants.

Judge Ivy also concluded that the plaintiff failed to state a plausible claim against defendant Wayne County. He is correct. The plaintiff has the obligation to state facts that establish all the elements of a cause of action. The plaintiff mentions 42 U.S.C. § 1983 in the section of his complaint directed to Wayne County. To state a claim under that statute, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States by a person acting

under color of state law. *West v. Atkins*, 487 U. S. 42, 48 (1988).  When the "person" is a municipal entity, the plaintiff must allege the existence of "an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified the illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).  There are no facts discernible from the complaint or the objections plausibly suggesting the contours of any viable *Monell* claim under that familiar rubric for liability based on a municipal custom or policy. Nor has the plaintiff pleaded facts from which an inference could be drawn that the County acted illegally.

The plaintiff's objection will be overruled.

### III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the lawsuit papers.  The plaintiff's objection to the report and recommendation lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 13) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 14, 15) are **OVERRULED**.

It is further **ORDERED** that the complaint against defendants Wayne County Third Circuit Court, Wayne County Probate Court, and Wayne County Friend of the Court is **DISMISSED WITHOUT PREJUDICE**, and the complaint against defendant Wayne County is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 24, 2024